# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

**UNITED STATES OF AMERICA** )

**v.** ) 1:99-CR-159-JHH-PWG

**CHANNING POPE.** )

### MEMORANDUM OF OPINION REGARDING ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

The movant, acting *pro se*, filed a motion (doc. #17), on August 27, 2008, which the court views as asking that this court reduce his sentence pursuant to 18 U.S.C. § 3582 effective November 1, 2007 and made retroactive by USSG §1B1.10, effective March 3, 2008.[1]  For the reasons stated herein, the court concludes that the motion for reduction of sentence should be denied, and a separate order to that effect will be entered.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987.  One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of

---

[1] In the motion, Pope also requested the appointment of counsel which request is **DENIED**.

crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[2] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008. The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement"). As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (doc. #17) of Channing Pope to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of the crack amendment and the amended policy statement. The focus of the § 3582(c)(2) motion is the 120 month

---

[2] At this point, the crack amendment had no retroactive application.

sentence imposed upon movant under a single count indictment which charged him with possession of cocaine base with the intent to distribute it, in violation of 21 U.S.C. § 841 (a)(1).[3]  The sentence was imposed to run consecutively to two state sentences movant was then serving.   Movant pled guilty to the charge, and he was sentenced on August 26, 1999.   The net weight of the cocaine base was 46.26 grams.   The 1998 guidelines manual set the base offense level for this amount of crack cocaine at level 30.

The following chart sets forth the application of the crack amendment to the instant case:

|  | Original Sentence | Retroactive Sentence Adjustment |
|---|---|---|
| **Total Offense Level** | 29 | 27 |
| **Criminal History Category** | VI | VI |
| **Imprisonment Range** | 151-188 months | 130-162 months |
| **§ 5K1.1 Motion Imprisonment Range** | OL 25, VI 110-137 months |  |
| **Sentence** | 120 months |  |
| **Projected Release Date** | 4/13/2009 |  |

---

[3] The sentence of 120 months was based on the government's departure motion made pursuant to U.S.S.G. § 5K1.1.  It reflected a 4 level reduction in the offense level (from 29 to 25) with the sentence being near the middle of the revised range (110 - 137 months).

3

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

1. the movant was originally sentenced to 120 months which was slightly below the mid-range of the correctly-computed guidelines range with a departure; and

2. the impact on the motion of the fact that at sentencing, after departing to Level 25, VI, this court found as follows: "The court has chosen 120 months due to the assaultive nature of some of the defendant's prior convictions and his criminal behavior and his propensity to use and be around firearms and the court is satisfied that any lower period of incarceration would not be sufficient to further the basic purposes of deterrent (sic), incapacitation, just punishment and rehabilitation." See J&C Statement of Reasons, page 6.

U.S.S.G § 1B1.10 (a) provides the authority, including limitations on such authority, for any reduction in the term of imprisonment. *Application Notes* under the *Commentary* for U.S.S.G. § 1B1.10 set forth the factors for a court to consider in determining whether a reduction is warranted and, if so, the extent of such reduction. In addition to emphasizing that the court shall consider the factors set

forth in 18 U.S.C. § 3553(a), the *Application Notes*, under the subheading 1.B. (ii) and (iii), provides as follows:

> (ii)  <u>Public Safety Consideration</u> – The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (iii) <u>Post-Sentencing Conduct</u>. - The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, ....

For the reasons hereinafter set forth, the court concludes that the early release of defendant raises a distinct possibility of serious danger to persons in the community to such an extent that a reduction in the defendant's term of imprisonment is not warranted. <u>See</u> <u>United States v. Amedeo</u>, 487 F.3d 823, 833 (11th Cir), <u>cert</u>. <u>denied</u>, __ U.S. __, 128 S. Ct. 671 (2007);  <u>See also</u>, <u>United States v. Foxworth</u>, 2008 WL 5195183 (11th Cir. Dec. 12, 2008).

The presentence report utilized at sentencing contained defendant's criminal history.  At the time of sentencing defendant acknowledged, that he found no factual dispute with matters presented in the presentence report.  Attached hereto as Exhibit A are paragraphs 27 through 46 of that presentence report.  Pursuant to

5

U.S.S.G § 1B1.10(b), this court finds that movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and concludes that the crack amendment applies to the circumstances of movant.  Furthermore, this court concludes that while it is likely the court would have accepted the government's view of the value of movant's assistance which caused the government to file the §5K1.1 motion, had that value resulted in a six level reduction rather than the four level reduction actually suggested, the court would not have imposed a sentence within the resulting range primarily because of the nature of the offenses reflected in movant's criminal history but also because his criminal history score was 17. More importantly, the court finds that public safety considerations require the court to deny the current motion.  Specifically, the court concludes under 18 U.S.C. § 3553(a) and under U.S.S.G. § 1B1.10 that the early release of movant raises a distinct possibility of serious danger to persons in the community to such an extent that a reduction in defendant's term of imprisonment is not warranted.

Furthermore, movant's record of sanctioned misconduct while incarcerated leads this court to conclude that movant's post conviction conduct weighs against reducing his sentence.[4]

---

[4] Movant's SENTRY disciplinary record consists of five incidents of possession of intoxicants and an October 2006 incident involving possession of a dangerous weapon.

A separate order will be entered denying the motion (doc. #17). Movant's attention is directed to the "Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i). If movant was represented by appointed counsel at trial or on appeal, movant is not required to file a new application to proceed *in forma pauperis* on appeal from the ruling on the § 3582(c)(2) motion. If movant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the ruling on the § 3582(c)(2) motion. The Clerk is DIRECTED to provide movant with an application to proceed *in forma pauperis* form.

**DONE** this the ___16th___ day of December, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE